IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00615-BNB
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

SEAN ANTHONY RIKER (actually named as Sean Anthony Ricker [sic]),

    Plaintiff,

v.

TAYLOR ANNE MORRISON, and
CHAD MICHAEL MORRISON,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

Plaintiff has submitted a "Civil Complaint for Child Pornographic Exploitation of his Children."  For relief, he asks the Court to order the Fort Collins Colorado Police Department to arrest the Defendants for engaging in criminal acts involving the exploitation of his children in child pornography.  He also brings state law claims of outrageous conduct and intentional infliction of emotional distress under the diversity jurisdiction statute, 28 U.S.C. § 1332.

Mr. Riker is attempting to initiate a state criminal prosecution, which he cannot do.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." **Linda R.S. v. Richard D.**, 410 U.S. 614, 619 (1973); **see also Jones v. Orth**, No. 00–3235, 2000 WL 1854015 at * 1 (10th Cir. Dec. 19, 2000) (unpublished) (affirming dismissal of § 1983 claim against chief of police for failing to prosecute another citizen because "[a] private individual has no federal right to the

prosecution of another"); *Sattler v. Johnson*, 857 F.2d 224, 226–27 (4th Cir.1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted); *see also Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam) (generally, a private citizen lacks standing to initiate a criminal prosecution); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Allowing private citizens to initiate prosecutions would undermine prosecutorial discretion and the authority of prosecutors. Therefore, the Court finds that Mr. Riker lacks standing to seek the criminal prosecution of the Defendants in a judicial action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.2, the court has determined that the submitted documents are deficient as described in this order. Plaintiff will be directed to cure the following if he wishes to pursue his claims. Any papers that the Plaintiff files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  xx   is not submitted
(2)  __   is missing affidavit
(3)  __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __   is missing certificate showing current balance in prison account
(5)  __   is missing required financial information
(6)  __   is missing an original signature by the prisoner
(7)  __   is not on proper form (must use the court's current form)
(8)  __   names in caption do not match names in caption of complaint, petition or habeas application
(9)  __   other:

**Complaint, Petition or Application**:
(10)  __   is not submitted
(11)  xx   is not on proper form (must use the court's current form)
(12)  __   is missing an original signature by the prisoner

(13)   ____   is missing page no.
(14)   ____   uses et al. instead of listing all parties in caption
(15)   ____   names in caption do not match names in text
(16)   ____   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(17)   ____   other: _____

Accordingly, it is

    ORDERED that the Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this order**. Any papers which the Plaintiff files in response to this order must include the civil action number on this order. It is

    FURTHER ORDERED that the Plaintiff shall obtain the court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint forms (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

    FURTHER ORDERED that, if the Plaintiff fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

    DATED March 12, 2013, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge